HOFFER OIL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47364. Promulgated November 18, 1932.

*Percy W. Phillips, Esq.*, for the petitioner.
*Henry A. Cox, Esq.*, for the respondent.

OPINION.

Leech: Petitioner contends that, for purposes of computing its allowance for depletion, it must be considered as the taxpayer who made the discovery of oil and is entitled to use discovery value as a basis under section 204 (c) of the Revenue Act of 1924,[1] because it acquired this property in a nontaxable corporate reorganization and stands as a successor to the actual discoverer with no break in the corporate life when considered for purposes of Federal income taxation.

This precise question was decided in *Darby-Lynde Co.*, 20 B. T. A. 522; affd., 51 Fed. (2d) 32, and in *Rialto Mining Corp*, 25 B. T. A. 980. The former case involved the right of a corporation to depletion on discovery value of property, allowable to the predecessor owner, a partnership. In the latter, a similar situation obtained, except both predecessor and successor owners of the property to be depleted were corporations of different states and par value of stock, but otherwise identical. The transfer of the property from the actual discoverer, to the petitioner, in both cases occurred in nontaxable transactions. In both cases the right to depletion on discovery value was denied the petitioner, on the ground that it was a different legal entity from the actual discoverer, and was not " the taxpayer " to whom, alone, section 204 (c), above cited, grants the controverted right.

The case of *Commissioner* v. *Sansome*, 60 Fed. (2d) 931, the circuit court cited by counsel for petitioner, is not in point. Although the transaction there present was nontaxable, the issue decided was not the identity of the entities involved, but the legal character of the accumulated earnings of the predecessor corporation in the hands of its successor.

Even if the reasoning of the Circuit Court in that opinion might be extended, *a fortiori*, to effect a change in the rule applied here, we do not deem that to be a sufficiently compelling reason to reverse this rule, affirmed, as indicated above.

*Judgment will be entered for the respondent.*

---

[1] The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that in the case of mines, oil and gas wells, discovered by the taxpayer after February 28, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter, but such depletion allowance based on discovery value shall not exceed 50 per centum of the net income (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance be less than it would be if computed without reference to discovery value.